UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELECTRIC POWER SYSTEMS INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:15CV1171 CDP |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

In July 2014, plaintiff Electric Power Systems International, Inc. (EPS), was performing labor under a contract it had with Louisville Gas and Electric Company (LGE) when an LGE transformer was damaged. LGE claimed that EPS caused the damage. EPS submitted LGE's claim to its insurer, defendant Zurich American Insurance Company, who denied coverage based on the insurance policy's exclusions. EPS brings this three-count action against Zurich claiming that Zurich breached the insurance contract by failing to provide coverage for LGE's claim for property damage; that Zurich acted in bad faith when it failed to effectuate a prompt settlement of Zurich's claim; and that Zurich's failure to provide coverage for and settle the claim constituted a vexatious refusal to pay.

Zurich now seeks partial judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that EPS's claim of bad faith failure-to-settle raised in Count II of the

complaint fails as a matter of law because an insurer's denial of coverage is actionable only as a breach of contract action. Because EPS's claim of bad faith failure-to-settle is distinct from its breach of contract and vexatious refusal to pay claims, I will deny the motion.

## *Legal Standard – Motion for Judgment on the Pleadings*

The same standard of review governs a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss under Rule 12(b)(6). *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). The purpose of such a motion is to test the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). When ruling a motion for judgment on the pleadings, I must view the facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party. *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). I may not grant judgment on the pleadings unless "the moving party has clearly established that no material issue of fact remains and [it] is entitled to judgment as a matter of law." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (internal citation and quotation marks omitted).

## *Background*[1]

On July 29, 2014, EPS was in the process of removing bushings from the exterior of an LGE transformer when the core and coil located inside the transformer were damaged. LGE claimed that EPS caused this damage.

---

[1] The facts contained herein are taken from the allegations set out in EPS's complaint and are considered true for the purpose of this Memorandum and Order.

In effect at the time of this occurrence was a commercial general liability insurance policy issued by Zurich to EPS (the Policy). EPS is a named insured under the Policy. The Policy provided that Zurich would pay "those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies."

On July 30, EPS invoked the terms of the Policy and tendered the LGE claim to Zurich. Zurich denied indemnification coverage to EPS based on three exclusions under the Policy but advised EPS to contact Zurich if its understanding of the factual circumstances giving rise to the claim was erroneous. EPS contacted Zurich on no less than three separate occasions to correct Zurich's erroneous understanding of the underlying facts, but Zurich failed to review EPS's information and continued to deny coverage on the LGE claim. EPS also advised Zurich that the LGE claim could be settled for an amount within the Policy limits and repeatedly requested that Zurich settle the claim, but Zurich refused. EPS alleges that it was damaged in excess of $300,000 as a result of Zurich's failure to provide coverage for the claim and its refusal to settle the claim.

In Count I of its complaint, EPS alleges that Zurich breached its duty to provide insurance coverage under the Policy for LGE's claim against EPS for property damage. In Count II, EPS alleges that Zurich acted in bad faith in its refusal to settle the LGE claim. EPS seeks punitive damages on this claim. In Count III, EPS claims that Zurich's refusal to provide coverage and to settle the LGE claim was vexatious and

recalcitrant, thereby entitling EPS to an award of statutory penalties.

*Discussion*

"[A]n insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 69 (Mo. banc 2000).

> When an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract. Damages for breach of contract are limited to the loss of the benefit itself. The damage amount should place the insured in the position he would have been in had the contract been performed.

*Id.* at 67 (citing *Boten v. Brecklein*, 452 S.W.2d 86 (Mo. 1970)). A claim for vexatious refusal to pay lies where it appears from the evidence that the insurer "refused to pay such loss without reasonable cause or excuse[.]" Mo. Rev. Stat. § 375.420. Recovery for vexatious refusal to pay is limited by statute to a portion of the loss and a reasonable attorney's fee. *Id.*

Where an insurer acts in bad faith in its failure to settle a third-party claim against an insured, the action sounds in tort and the insured may bring a tort action against the insurer for bad faith failure-to-settle (BFFS). This tort action is "based on the insurer's failure to protect the interests of its insured [and is] not an action on the insurance contract." *Shobe v. Kelly*, 279 S.W.3d 203, 212 (Mo. Ct. App. 2009). Indeed, "Missouri does not recognize a claim for breach of contract against an insurer for failure to settle." *Purscell v. TICO Ins. Co.*, No. 2:12-CV-04039-NKL, 2012 WL 1934015, at *2 (W.D. Mo. May 29, 2012) (citing *Overcast*, 11 S.W.3d at 67; *Truck Ins.*

*Exch. v. Prairie Framing, LLC,* 162 S.W.3d 64, 94 (Mo. Ct. App. 2005); *Ganaway v. Shelter Mut. Ins. Co.*, 795 S.W.2d 554, 556 (Mo. Ct. App. 1990); *Quick v. National Auto Credit*, 65 F.3d 741, 744 (8th Cir. 1995)). While the insurance contract provides the basis for the relationship between the insurer and the insured, "bad faith" liability in handling third-party claims is premised on tort concepts and not on contract principles. *See Advantage Bldgs. & Exteriors, Inc. v. Mid-Continent Cas. Co.*, 449 S.W.3d 16, 24 (Mo. Ct. App. 2014) (quoting *Overcast*, 11 S.W.3d at 68). Unlike a breach of contract action, "[a]n insurer 'may be liable *over and above* its policy limits if it acts in bad faith . . . in refusing to settle the claim against its insured within its policy limits[.]'" *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 828 (Mo. banc 2014) (quoting *Landie v. Century Indem. Co.*, 390 S.W.2d 558, 563 (Mo. Ct. App. 1965)) (emphasis added).

Here, Zurich argues that EPS's BFFS claim is merely a restatement of its breach of contract and vexatious refusal claims inasmuch as it is based only on Zurich's denial of coverage for the LGE claim. Contrary to Zurich's argument, however, EPS's BFFS claim is not so limited.

In its breach of contract claim, EPS contends that Zurich relied on inapplicable policy exclusions when it wrongfully denied coverage for LGE's property damage claim against it. In its BFFS claim, EPS contends that Zurich had the opportunity to settle the LGE claim within the policy limits, but refused to do so and acted in bad faith in its refusal. These allegations state an independent tort claim based on conduct in

addition to that alleged in Counts I and III. Further, EPS's potential recovery against Zurich for its claim of BFFS would not be limited by the terms of the Policy, but instead could include the full amount EPS owes to LGE, including that part exceeding Policy limits. *Truck Ins. Exch.* 162 S.W.3d at 94.[2]

To the extent Zurich relies on previous decisions of this Court to argue that EPS's BFFS claim is simply a breach of contract claim under Missouri law, Zurich's reliance is misplaced. In both *Hullverson Law Firm P.C. v. Liberty Ins. Underwriters, Inc.,*[3] and *Ingrassia v. One Beacon Ins. Group*,[4] the insureds brought claims for breach of contract and vexatious refusal to pay in addition to other claims based on their insurers' "bad faith," *i.e.,* bad faith failure to defend and indemnify, and breach of the implied covenant of good faith and fair dealing. The separately raised "bad faith" claims in *Hullverson* and *Ingrassia* alleged no new facts regarding the denial of benefits and relied only on the facts raised in their claims of breach of contract and vexatious refusal to pay. Here, however, EPS raises additional facts to support its separate BFFS claim against Zurich: that EPS demanded that Zurich settle the underlying third-party claim, that Zurich refused to settle the third-party claim within

---

[2] As noted *supra*, recovery for vexatious refusal to pay would likewise be limited and dependent upon any loss as measured under the Policy. Contrary to Zurich's argument, a claim of vexatious refusal to pay does not *ipso facto* account for an insurer's alleged bad faith in failing to settle. Nor does it supplant a claim for BFFS. *Overcast*, 11 S.W.3d at 69. As noted by the Missouri Supreme Court in *Overcast*, no inference can be made that the statutory remedies for vexatious refusal to pay are intended to "immunize insurers against all other claims made by an insured for any conduct occurring during a claim determination." *Id.* at 68.
[3] Case No. 4:12CV1994 CAS (E.D. Mo.).
[4] Case No. 4:14CV1216 CDP (E.D. Mo.).

the Policy limits, and that it acted in bad faith in doing so. This is a distinct claim from the breach of contract and vexatious refusal to pay claims.

An insurer's duty to provide coverage to its insured is treated by Missouri courts as a distinct contractual issue from the same insurer's duty to settle within the policy limits when it has the chance to do so. Because EPS has alleged sufficient facts to state a claim of BFFS separate from its breach of contract and vexatious refusal to pay claims, Zurich's motion for partial judgment on the pleadings as to the BFFS claim raised in Count II of the complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Zurich American Insurance Company's Motion for Partial Judgment on the Pleadings [ECF #14] is denied without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2016.